The Beattie Corporation
vs.                     No. 89276.
William H. Gidley

July 25, 1933.

CAPOTOSTO, J. Action under an alleged cost plus 10% contract to repair the southerly side of the breakwater at the Warwick Country Club in Warwick, R. I. Verdict for the plaintiff for $1,700. The defendant moves for a new trial on the ground that the verdict is against the evidence.

In the summer of 1930, the Warwick Country Club, through a committee of which the defendant and Thomas Harris were members, entered into a written contract with Roy H. Beattie personally for the erection of a breakwater in front of its premises in accordance with a novel method which Beattie, an engineer and specialist in harbor construction, recommended. The work was completed in the early fall of that year. By September 29, 1930. Beattie had received payments aggregating $24,800, leaving a small balance of $686 due under the contract. During that winter there was a collapse of considerably over 100 feet of the westerly arm of the breakwater, due to settling. Discussions as to the cause of the damage followed. On March 13, 1931, the defendant was paid the balance of $686 which he claimed by virtue of the contract. How this last payment came to be made is disputed. Beattie says that the money was paid without any promise on his part to do anything, since he ascribed the original collapse and the further damage that followed to springs underneath the bed of the bay against which all precautions were useless. The present defendant and Harris, who were members of the committee, say that Beattie received the final payment after agreeing to make a test as soon as weather permitted to determine whether or not the damage was due to defective pile driving and poor workmanship. No test was ever made. The Committee consistently claimed that the collapse was due to faulty construction. Upon this issue the weight of the testimony, supported by reason and probability, is against the plaintiff. It is hardly conceivable that a committee of an organization would consider any payment under the circumstances unless it sought to ascertain by some test at least the cause of the damage.

In the early part of 1931, Roy H. Beattie incorporated his business as The Beattie Corporation. The westerly arm continued to unravel so that now over 250 feet of that side of the breakwater are affected. Shortly after the date of the last payment to Beattie in March 1931, parts of the south arm of the breakwater began to give way under water, thereby giving a decided twist to the superstructure. Gidley and Harris got in touch with Beattie. It is quite certain that during the discussions which followed in the spring and summer of 1931 neither knew that Beattie was no longer doing business as an individual. What to do to protect the south arm was the only topic

for consideration. Methods and figures were examined at various meetings. The plaintiff claims that the final understanding was that his corporation was to do the certain agreed work on a cost plus 10% basis and that Gidley was to be personally responsible. The defendant and Harris emphatically deny the personal liability of Gidley. In substance, their contention is that they, as a committee of the Club, resumed the negotiations which were carried on intermittently during the winter of 1930 and the spring of 1931; that they insisted right along that Beattie was responsible for the partial collapse and twisting of the breakwater; that they considered methods and amount in regard to repairing the south arm in order to minimize Beattie's loss if he was found at fault; that throughout the discussions there never was any statement or suggestion made that Gidley was to be personally responsible for the repairs; and that in these negotiations they did not intend to bind the Club unless it should appear that the damage which was continually increasing was due to an act of God rather than to faulty construction and workmanship.

The written communications between the parties, the statements for materials and labor, and the plaintiff's books of account are all in evidence. Entries of all charges are made against the Warwick Country Club. The explanation of certain written statements given by the plaintiff are strained and unconvincing. There is no substantial evidence, either direct or by inference, which imposes a personal liability upon Gidley for the work in question. It may be that there was no express contract at all. The plaintiff says he thought he was dealing with Gidley personally. Gidley and Harris say that they were acting as members of a committee with Beattie individually and that they knew nothing about and did not deal with The Beattie Corporation. How-

ever this may be, the Court is of the opinion that the weight of the testimony is overwhelmingly in favor of the defendant. Whatever claim the plaintiff corporation may have is not due from Gidley personally.

Motion for new trial granted.

For plaintiff: Clifford A. Kingsley.

For defendant: Messrs. Edwards & Angell.